RECEIVED
SEP 19 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEROY SPELLS,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC

    Defendants.

Civ. No. 17-4423

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on a motion to dismiss brought by Defendant Ocwen Loan Servicing, LLC ("Defendant"). (ECF No. 4.) Plaintiff Leroy Spells ("Plaintiff") opposes. (ECF No. 8.) The Court has decided the Motion after considering the parties' written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendant's Motion is granted.

## BACKGROUND

Plaintiff brings this action seeking injunctive relief and damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiff alleges that Defendant attempted to collect a debt it was not owed. (Compl. ¶¶ 14–15.) The relevant facts follow. On August 18, 2005, Plaintiff executed a promissory note to secure a residential mortgage payable to EquiFirst Corporation. (Compl. ¶¶ 20–21.) The mortgage was duly recorded on August 29, 2005. (*Id.*) The note was later assigned to U.S. Bank National Association ("U.S. Bank"). (Compl. ¶ 14.) On January 28, 2016, Defendant sent Plaintiff a Notice of Intent to Foreclose (the "Notice"),

1

citing Plaintiff's default on the mortgage. (Compl. ¶ 13; Compl., Ex. B, ECF No. 1-1.) At the time the Notice was sent, U.S. Bank was the mortgage lender and owner of the debt; at no point did Defendant own the debt in question. (Compl. ¶¶ 14, 19.)[1]

Thereafter, U.S. Bank pursued a foreclosure action against Plaintiff in the Chancery Division Court of the Superior Court of New Jersey in Somerset County. (Compl. ¶ 15; Compl., Ex. D, ECF No 1-1.)[2] That court ultimately granted summary judgment in favor of U.S. Bank. (Compl. ¶ 18.) Mr. Albert Gruber, an employee of Defendant, submitted a certification in support of U.S. Bank's motion for summary judgment in which he asserted that the Notice had been sent in accordance with the FFA. (*Id.*; *see also* Compl., Ex. C, ¶ 11.) On December 29, 2016, counsel on behalf of U.S. Bank[3] sent Plaintiff a letter informing Plaintiff of their intent to submit the appropriate proofs for entry of a final judgment in the foreclosure action. (Compl. ¶¶ 23–25; Compl., Ex. G, ECF No 1-1.)

Plaintiff alleges that, because the Notice was sent by Defendant and not by U.S. Bank, the Notice was *per se* deficient under New Jersey's Fair Foreclosure Act ("FFA"), N.J.S.A. 2A:50-56. (*Id.* ¶¶ 15–16, 28–29, 33.) Since Defendant was not a "lender" within the meaning of the FFA, Defendant did not have the right to send such a notice (*id.* ¶ 19). Moreover, since the

---

[1] In a letter sent by Defendant to Plaintiff on March 23, 2016, which Plaintiff appended to his Complaint as Exhibit A, Defendant explains that the servicing rights of the loan were transferred to Defendant on September 3, 2013, effective with the payment due October 1, 2013. (Compl., Ex. A at 1, ECF No. 1-1.) While Defendant serviced the loan, the owner of the loan remained U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc. (*Id.*)
[2] Plaintiff's Complaint muddies whether Defendant was in fact a party to the state court foreclosure action. (*See, e.g.*, Compl. ¶¶ 13–14, 17–18.) Based on Plaintiff's own exhibits, Defendant was not a party to the action and did not personally or through its counsel file the state complaint or litigate the foreclosure action. (*See* Compl., Exs. C, D, ECF No. 1-1.)
[3] Plaintiff's Complaint seems to suggest this letter came from Defendant's counsel. (Compl. ¶¶ 23–25.) However, the letter only references Defendant insofar as it lists "Ocwen Loan Servicing, LLC" as "Lender's Mortgage Loan Servicer." (Compl., Ex. G.) It seems to have been drafted and sent by U.S. Bank's attorneys in reference to the state court litigation.

lender must send such a notice before initiating a foreclosure proceeding, neither Defendant nor U.S. Bank had the right to initiate a foreclosure proceeding. (*Id.* ¶¶ 28, 33.) Plaintiff also asserts that both the Notice and the representation of FFA compliance made by Mr. Gruber in the underlying foreclosure litigation constitute false, deceptive, and misleading debt collection practices in violation of the FDCPA, (*id.* ¶¶ 24, 39), warranting damages and injunctive relief (*id.* ¶¶ 30, 33–34, "Prayer for Relief"). In particular, Plaintiff requests that this Court enjoin and postpone the foreclosure of the property that was the subject of the mortgage and declare the foreclosure illegal. (*Id.*) Plaintiff also asserts a negligence cause of action, presumably on the basis of New Jersey common law, due to alleged emotional distress from Defendant's abusive practices. (*Id.* ¶ 36.) Plaintiff filed this Complaint on June 14, 2017. Defendant filed the Motion to Dismiss now before the court on July 7, 2017.

## LEGAL STANDARDS

I. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a Defendant may move at any time to dismiss the Complaint for lack of subject matter jurisdiction on either facial or factual grounds. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In analyzing a facial challenge, a court "must consider only the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *Mortensen*, 549 F.2d at 891). In considering a factual challenge, however, a court "may consider evidence outside of the pleadings." *Id.* (citing *Mortensen*, 549 F.2d at 891). Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, 2010 WL 3908567, at *2 (D.N.J. Sept. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

3

## II. Federal Rule of Civil Procedure 12(b)(6)

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.[4] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

---

[4] While a district court considering a motion to dismiss must generally limit its analysis to the pleadings, "an exception to the general rule is that a document *integral to or explicitly relied upon* in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *Sheldrick v. Wells Fargo Bank, N.A.*, 2016 WL 7325473, at *1 n.1 (D.N.J. Dec. 16, 2016) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis and alteration in original)). The court may also look beyond a complaint to public records, including judicial proceedings. *Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). Plaintiff's Complaint alleges deficiencies in the foreclosure proceedings that resulted in a judgment in New Jersey State Court, referencing the "Underlying Litigation" (the foreclosure action) throughout his Complaint. (*See, e.g.*, Compl. ¶¶ 15, 17, 19, 22.) Defendant has attached to its Motion the judgment rendered in that underlying litigation (Def.'s Mem. Mot. Dismiss, Ex. A, ECF No. 4-1)—which is referenced throughout Plaintiff's Complaint (Compl. ¶¶ 24–25). The Court will accordingly consider this document.

## ANALYSIS

Defendant makes four separate arguments in its Motion to Dismiss. Although Defendant purports to challenge only the sufficiency of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), Defendant's first argument questions the Court's subject matter jurisdiction and therefore is governed by Rule 12(b)(1). The Court will address each argument in turn below.

    I.    This Court lacks subject matter jurisdiction under *Rooker-Feldman.*

Defendants first move to dismiss the complaint for lack of jurisdiction under the *Rooker-Feldman* doctrine. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Pursuant to this doctrine, federal district courts lack subject matter jurisdiction to review state court judgments. *Marks v. Stinson*, 19 F.3d 873, 885 n.11 (3d Cir. 1994); *see also Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008). In order to avoid rendering a preexisting state court ruling void or ineffectual, a district court cannot "entertain federal claims that (1) were previously adjudicated in state court or (2) are inextricably intertwined with a prior state court decision." *Otto v. Wells Fargo Bank, N.A.*, 2016 WL 8677313, at *3 (D.N.J. July 15, 2016), *aff'd*, 2017 WL 2364377 (3d Cir. May 31, 2017). "If the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit." *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)).

In the foreclosure context, the Third Circuit has repeatedly found that the *Rooker-Feldman* doctrine bars a plaintiff's federal claims seeking redress of a state court foreclosure judgment. *See, e.g., In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009); *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005); *Moncrief*, 275 F. App'x at 152; *Ayres-Fountain v. E. Sav. Bank*, 153 F.

5

App'x 91, 92 (3d Cir. 2005); *see also Otto*, 2016 WL 8677313, at *3 (collecting cases). In view of this precedent, Plaintiff's claims against Defendant are clearly barred. Plaintiff alleges deficiencies in the foreclosure procedure and makes an explicit request that this Court stop the foreclosure action. (Compl. ¶¶ 28–34.) Plaintiff's request for injunctive relief would necessarily require review of the judgment entered by the Superior Court of New Jersey in December 2016. (*See* Def.'s Mem. Mot. Dismiss, Ex. A.) In that decision, the Superior Court determined that the January 28, 2016 Notice which Defendant sent to Plaintiff as the loan servicer on behalf of lender U.S. Bank satisfied the requirements of the FFA and was neither misleading nor otherwise improper. (Def.'s Mem. Mot. Dismiss, Ex. A at 9–11.) Since Plaintiff urges the Court to find otherwise (Compl. ¶¶ 28–39), this Court would be required to review that state court judgment and potentially render it void. *See, e.g., Sheldrick*, 2016 WL 7325473, at *5. Accordingly, Plaintiff's claims are inextricably intertwined with the state court decision and barred by *Rooker-Feldman*. Defendant's Motion to Dismiss is granted.

II. <u>*Res Judicata* and the Entire Controversy Doctrine</u>

The Court also finds that *res judicata* and New Jersey's expansive Entire Controversy doctrine offer an alternative, sufficient ground for the dismissal of Plaintiff's Complaint. *See Ayres-Fountain*, 153 F. App'x at 93. Under federal law, *res judicata*, also known as claim preclusion, determines whether a state court judgment has preclusive effect in a subsequent federal action. *See Sheldrick*, 2016 WL 7325473, at *6–7; *see also Moncrief*, 275 F. App'x at 153. Three elements are required for preclusive effect: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). *Res judicata* applies not only


to claims (or defenses) actually raised in the prior action, "but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

New Jersey's unique brand of *res judicata* is the Entire Controversy doctrine, "an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 135 (3d Cir. 1999). In essence, the doctrine requires a party to bring all claims, counterclaims, and cross-claims arising out of the same transaction or occurrence against all relevant parties or risk losing those claims forever in a subsequent action. *See Sheldrick*, 2016 WL 7325473, at *7 (citing *Rycoline Prods., Inc.*, 109 F.3d at 885). N.J. Ct. R. 4:64-5 defines permissible claims in mortgage foreclosure actions as those which are "germane" to the foreclosure—claims which "arise out of the mortgage that is the basis of the foreclosure action." *Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp.*, 446 F. App'x 469, 472 (3d Cir. 2011); *see also* N.J. Ct. R. 4:30A. Thus, any claim arising out of the mortgage must be precluded under the Entire Controversy doctrine.

All of Plaintiff's claims arise out of the mortgage which was the subject of the state court foreclosure action. They are thus all "germane" to the foreclosure and precluded from this Court's consideration. Indeed, it seems Plaintiff raised versions of some of these claims in the state court foreclosure action as defenses. (*Compare* Compl. ¶¶ 18–19, 24, 33–34, 39 (making claims about improper conduct by U.S. Bank, a nonparty here), *with* Def.'s Mem. Mot. Dismiss, Ex. A at 8–11 (addressing defenses raised by Plaintiff in the state court foreclosure action).) Nevertheless, even those that were not raised—including specific allegations against Defendant, who was not a party to the foreclosure action—are precluded under the Entire Controversy doctrine. Plaintiff's chief allegation is that Defendant, the loan servicer on Plaintiff's mortgage, had no authority to collect Plaintiff's debt, and therefore that the Notice sent by Defendant on

7

January 28, 2016 was defective, tainting the rest of the foreclosure action.[5] This claim is decidedly germane to the foreclosure action. New Jersey law assigns litigants the responsibility to raise all claims and join all necessary parties in an action or otherwise risk forfeiting those claims. Accordingly, were the Court not barred from hearing this Complaint under *Rooker-Feldman*, Defendant's Motion to Dismiss would still be granted because Plaintiff's claims are barred under New Jersey's Entire Controversy doctrine, a version of *res judicata*.

### III. Other Grounds

Defendant also argues that Plaintiff cannot seek damages under the FFA because the FFA does not create a private right of action; that Plaintiff's claims are barred by New Jersey's absolute litigation privilege because they derive in part from statements made in filings in the foreclosure action; and that Plaintiff fails to state a claim under the FDCPA in not alleging facts that show Defendant is a debt collector. Because the *Rooker-Feldman* doctrine and New Jersey's Entire Controversy doctrine both bar consideration of any of Plaintiff's claims, the Court need not consider Defendant's alternative grounds for dismissal under Rule 12(b)(6).

### CONCLUSION

For the reasons stated herein, Defendant's Motion is granted, and Plaintiff's Complaint is dismissed. An appropriate order will follow.

Date: 9/19/17

ANNE E. THOMPSON, U.S.D.J.

---

[5] As discussed above, the state court already determined that the January 28, 2016 Notice (Compl., Ex. B, ECF No. 1-1) satisfied the FFA (Def.'s Mem. Mot. Dismiss, Ex. A at 9–11), and this Court will not disturb that judgment. The Court observes that the Notice was sent by Plaintiff's loan servicer, named the lender, gave the lender's address, and made clear that Defendant was merely the loan servicer. *See Thomas v. U.S. Bank Nat. Ass'n*, 474 B.R. 450, 452 (D.N.J. 2012) ("Generally, under New Jersey law, a mortgage holder is a lender which owns a homeowner's mortgage whereas a servicer is a separate entity that acts as the mortgage holder's agent to collect payments due on the mortgage.").

8